UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CRAIG ALAN VANNESS,<br><br>                              Plaintiff,<br>v.<br>MONROE COUNTY SHERIFF'S OFFICE,<br><br>                              Defendants. | Case No. 3:25-cv-00074-ART-CSD<br><br>ORDER |

**I.   DISCUSSION**

Plaintiff, who is proceeding *pro se*, has submitted a one page documented titled "Federal Question 1983 In Custody Civil Right Complaint. (ECF No. 1-1). Plaintiff lists Monroe County Sheriff's Office as a Defendant and alleges that, when he moved to Florida, the Monroe County Sheriff's Office improperly attempted to force him to register as a sex offender. (*Id.*). The Monroe County Sheriff's Office told Plaintiff that he would be arrested if he failed to register as a sex offender even though Plaintiff's offense is not a registerable offense under Florida law. (*Id.*).

Under 28 U.S.C. § 1391(b), a plaintiff may bring an action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under 28 U.S.C. § 1406, if a case has been filed in the wrong district or division, the district court in which the case has been incorrectly filed may "transfer such

1

case to any district or division in which it could have been brought."

The Court finds that the District of Nevada is not the appropriate venue for this action because the events occurred in Florida and Defendant Monroe County Sheriff's Office is in Florida. Monroe County is in the Southern Division of the District of Florida. The Court directs the Clerk of the Court to transfer this action to the United States District Court for Florida, Southern Division. This Court offers no opinion on the merits of this action.

**II.  CONCLUSION**

It is therefore ordered that the Clerk of the Court will transfer this case to the United States District Court for Florida, Southern Division.

It is further ordered that the Clerk of the Court close the case in this Court.

DATED THIS 2nd day of April 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

2